UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| James E. Moore and Tim McGough, as Trustees of the Carpenters & Joiners Welfare Fund, Twin City Carpenters Pension Master Trust Fund, and Twin City Carpenters Vacation Fund; James E. Moore as Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and each of their successors,<br><br>     Plaintiffs,<br><br>vs.<br><br>Retail Construction Solutions, LLC and Thomas J. Randall, individually,<br><br>     Defendants. | Civil File No. 10-0315 DSD/FLN<br><br><br><br>**FINDINGS OF FACT,<br>CONCLUSIONS OF LAW, AND<br>ORDER FOR ENTRY OF DEFAULT** |

This matter was heard before the undersigned on the 30th day of April 2010. Amanda R. Cefalu of Anderson, Helgen, Davis & Nissen, LLC appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

## FINDINGS OF FACT

1. The Summons and Complaint were filed with the Court on February 3, 2010. The service was accomplished upon Defendants on February 4, 2010.

2. Defendants have failed to file and serve a response or Answer to the Complaint. The Application for Entry of Default and Affidavit of Pamela H. Nissen in support of the Application for Entry of Default were filed with the Court on March 1, 2010. The Clerk's Entry of Default was entered on March 2, 2010.

3. Plaintiffs are trustees and fiduciaries of the above-referenced funds (hereinafter Funds). The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, *inter-alia*, pension, health and welfare vacation benefits and training to employees doing carpentry work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Trustees.

4. Defendants, through their execution of an Independent Agreement, are bound by a certain Collective Bargaining Agreement between the North Central States Regional Council of Carpenters (f/k/a Lakes and Plains Regional Council of Carpenters and Joiners) and the Carpentry Contractors Association and the Minnesota Drywall and Plaster Association.

5. The Collective Bargaining Agreement requires employers, such as Defendants, to make fringe benefit contributions to the Funds in accordance with its' terms. These contributions must be made on behalf of all employees covered by the Collective Bargaining Agreement, in amounts set forth and agreed upon therein, for the purpose of funding employee benefits.

6. The Collective Bargaining Agreement requires employers, such as Defendants, to complete a report form with the information as required by the Trustees, identifying each of their employees and each hour worked by that employee during the month performing covered service. The report is required to be submitted with the payment for the amounts due not later than the 15th day of the following month.

7. The Defendants, furthermore, by execution of the Collective Bargaining Agreement agreed to make available their employment and payroll records for examination and audit by the Trustees of the Plaintiffs or their authorized agents whenever such examination is deemed, by the Trustees, to be necessary to the proper administration of the Plaintiffs and to ascertain whether the employer has properly complied with their fringe benefit contribution obligations.

8. The Collective Bargaining Agreement also provides that an employer is liable for liquidated damages of 10% for delinquent contributions, and further provides that Plaintiffs are entitled to their attorney fees and costs incurred in the collecting any delinquency.

9. Plaintiffs requested that Defendants produce the employment and payroll records for the audit period of August 2009 through the present for the purposes of auditing the records to determine their compliance with the terms of the Collective Bargaining Agreement. To date, Defendants have refused to produce the records.

10. In addition, Defendants breached their obligation under the Collective Bargaining Agreement by failing to timely submit the fringe fund reports and contributions for the months of September 2009, October 2009, November 2009, December 2009, January 2010, February 2010, and March 2010.

## **CONCLUSIONS OF LAW**

1. Defendants are in default, and Plaintiffs are entitled to Entry of Default.

2. Defendants have failed to submit the September 2009, October 2009, November 2009, December 2009, January 2010, February 2010, and March 2010 fringe fund reports and payment for the contributions due per those reports.

3. Defendants have failed to produce the records as requested by Plaintiffs to allow Plaintiffs to complete an audit of their records for the period of August 2009 through the present.

4. Defendants are liable for all liquidated damages and for all delinquent fringe benefit contributions discovered to be due per the audit and for the delinquent months, and is further liable for interest and Plaintiffs' attorney fees and costs.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' Motion for Entry of Default is granted.

2. That Defendants file the reports for the months of September 2009, October 2009, November 2009, December 2009, January 2010, February 2010, and March 2010, if they have not already been submitted, at the offices of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, correctly identifying hours worked pursuant to the Collective Bargaining Agreement within ten (10) days of service of this Order upon them.

3. That Defendants pay to the Plaintiffs the fringe benefit contributions of all of the hours reported pursuant to the Court's Order, plus liquidated damages in the amount of 10% of the delinquent contributions for the months of September 2009, October 2009, November 2009, December 2009, January 2010, February 2010, and March 2010.

4. That Defendants shall produce for inspection and audit a complete set of the following records for the period of August 2009 through the present:

  a. All payroll registers or journals;

  b. All time cards;

  c. All Internal Revenue 941 quarterly reports;

  d. All Internal Revenue W-2 and W-3 forms (to the extent such forms are issued by the employer prior to the audit being completed);

  e. All payments to any individual for labor or services, regardless of whether the Defendants classifies such individual as an employee or as a subcontractor;

  f. All business checking account registers or journals;

  g. All checking account bank statements including copies of all checks issued from the accounts;

  h. All Minnesota quarterly unemployment reporting forms (MUTAs) and quarterly tax forms; and

  i. All records identifying the type of work performed by each employee and individual who has performed services for the Defendants.

  5. Defendants are further ordered to produce for inspection such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiffs.

  6. Production and inspection shall occur within ten (10) days of entry of this Order at the physical premises of the administrative agent, Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425.

  7. That upon the filing of the outstanding reports for the months of September 2009, October 2009, November 2009, December 2009, January 2010,

February 2010, and March 2010 and upon completion of the audit for the period of August 2009 through the present, by Defendants with Plaintiffs pursuant to this Order, if Defendants fail to make payments required by this Order, the Plaintiffs may move the Court for entry of a money judgment for all unpaid contributions, liquidated damages, interest, and reasonable attorney fees and costs, as shown by Affidavit filed with the Court, and the Court shall enter judgment ten (10) days after service of the motion and affidavit on Defendants.

Dated: April 30, 2010                             BY THE COURT:


                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court